**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

September 11, 2025

## LETTER ORDER

Re:   *United States v. TD Bank N.A.*
        **Criminal Action No. 24-667 (ES)**

Dear Parties:

On November 12, 2025, the undersigned entered a judgment sentencing Defendant TD Bank N.A. to, among other things, a five-year term of probation. (D.E. No. 13 (the "Judgment")). The Judgment further provided that TD Bank N.A. could not "commit another federal, state, or local crime" while on probation. (*Id.* at 2). TD Bank N.A. was also required to "retain an independent compliance monitor for a period of three years." (*Id.*).

Or about August 25, 2025, non-party Mr. George J. Denoncourt II submitted a series of filings to the Court, including: (1) "Motion to Intervene [in the above-referenced action] as Crime Victim Pursuant to 18 U.S.C. § 3771"; (2) "Motion for Judicial Notice"; (3) "Motion to Compel Immediate Reporting to Court-Appointed Monitor and SEC"; (4) a proposed "Order Appointing Special Master for Victim Restitution and Compliance"; (5) "Motion for Order to Show Cause Why TD Bank Should Not Be Held In Contempt for Violating Probation"; and (6) "Request for Privacy Protection of Personal Identifying Information." Mr. Denoncourt also paid the filing fee associated with commencing a new civil action or proceeding.

The Court has carefully reviewed and considered Mr. Denoncourt's submissions. In short, Mr. Denoncourt appears to allege that TD Bank N.A. employees physically assaulted him at a branch in North Hampton, New Hampshire and that TD Bank N.A. has violated the terms of its probation by failing to timely disclose that assault to its compliance monitor. It further appears that Mr. Denoncourt seeks to intervene in this closed criminal action for the purposes of filing a motion to commence probation violation and/or revocation proceedings. He expressly represented that he has filed a separate lawsuit in New Hampshire seeking damages in relation to the alleged assault.

In this District, applications for probation violation and/or revocation proceedings typically originate from either the United States Attorney's Office or the United States Probation Office. Mr. Denoncourt has not identified any authority that would permit him to commence probation violation and/or revocation proceedings himself. While he suggests that he may do so under the Crime Victims' Rights Act's enforcement provision—18 U.S.C. § 3771(d)—his reliance on that statute is misplaced. While the Court certainly respects the protections that the Act affords to crime victims, nothing in that statute creates a mechanism through which victims can commence probation revocation proceedings, let alone proceedings based on subsequent acts that are wholly unrelated to the federal offense underlying the defendant's sentence/probation. Rather, the Act affords the victims of federal crimes certain protections as proceedings related to *those* crimes make their way through the system. *See generally* 18 U.S.C. § 3771.[1] While the District Court may initiate revocation proceedings *sua sponte* when it receives information indicating that a defendant has violated the terms of its probation, *United States v. Mike*, 755 F. App'x 132, 136 (3d

---

[1] Indeed, under 18 U.S.C. § 3771(e)(2)(A), "[t]he term 'crime victim' means a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." As Mr. Denoncourt seeks relief based on an alleged assault that occurred in New Hampshire, rather than the violation of a federal law, it is unclear how the Crime Victims' Rights Act might apply to him in these circumstances.

Cir. 2018), the Court finds that it would be inappropriate to do so here, after careful consideration of the record.

Further, Mr. Denoncourt has not cited to any other statute or legal authority that would permit him to intervene as a third party in this closed criminal case, nor has he otherwise identified what, if any, authority the Court has to grant him the various forms of relief that he is seeking.

The Court will therefore take no further action on Mr. Denoncourt's filings. It will, however, direct the Clerk of the Court to send copies of Mr. Denoncourt's submissions to the appropriate individuals at the United States Attorney's Office and the United States Probation Office, so that they may take whatever steps they deem appropriate. Finally, given that Mr. Denoncourt sought to intervene in an existing matter, rather than commence a new proceeding, the Court will direct the Clerk of the Court to return his filing fee.

Based on the foregoing, it is on this 11th day of September, 2025,

**ORDERED** that the Clerk of the Court shall send copies of Mr. Denoncourt's submissions to the appropriate individuals at the United States Attorney's Office and the United States Probation Office, but shall not file those submissions on the docket for this matter; and it is further

**ORDERED** that the Clerk of the Court shall return the filing fee that Mr. Denoncourt paid when making those submissions; and it is further

**ORDERED** that that the Clerk of the Court shall send a copy of this Order to Mr. Denoncourt via U.S. Mail.

                                                      **SO ORDERED**.

                                                  *s/ Esther Salas*
                                                  **Esther Salas, U.S.D.J.**